# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES JOSEPH GILYARD, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| FRANKLIN TENNIS *et al.*, | : | |
| Respondents. | : | No. 06-2144 |

## **MEMORANDUM**

PRATTER, J.                                                                                                   JANUARY 30, 2019

Charles Joseph Gilyard moves this Court to reconsider Judge Green's January 17, 2007 denial of his petition for *habeas corpus*. Pursuant to Federal Rule of Civil Procedure 60(b), Mr. Gilyard continues to assert his actual innocence. He contends that the Court should reconsider his petition on its merits in light of intervening case law. Because Mr. Gilyard did not diligently pursue his claims and has not presented any new evidence of actual innocence, his motion is denied.

### BACKGROUND

Charles Joseph Gilyard and a co-conspirator were convicted in the Philadelphia Court of Common Pleas of first-degree murder, robbery, and criminal conspiracy. On February 16, 1984, he was sentenced to life imprisonment. He appealed his judgment of sentence to the Pennsylvania Superior Court, which affirmed on May 30, 1985. Mr. Gilyard says that he was only told that his conviction was affirmed when he followed up with the court in 1987.

On June 25, 1987, Mr. Gilyard filed an application for relief under Pennsylvania's Post Conviction Hearing Act (PCHA), the precursor to the Post-Conviction Relief Act (PCRA). In January 1992, while the PCHA petition was still pending, Mr. Gilyard filed a federal *habeas corpus* petition. The federal petition was dismissed for failure to exhaust state court remedies.

1

On July 7, 1992, the PCHA court denied Mr. Gilyard's petition. The Pennsylvania Superior Court affirmed the denial and Pennsylvania Supreme Court denied Mr. Gilyard's petition for allowance of an appeal.

Mr. Gilyard says that he then began to suffer from mental illness. In about 2000, he allegedly was placed in a mental health facility. He says he only became well enough to pursue his post-conviction rights in 2002.

On February 26, 2003, Mr. Gilyard filed a second PCRA petition. The PCRA court dismissed the petition as untimely on April 21, 2003. Mr. Gilyard says he, once again, did not receive the notice of dismissal and only became aware of it when he followed up in 2004.

Finally, on May 5, 2006, Mr. Gilyard filed the petition for a writ of *habeas corpus* that is the basis for this motion. Magistrate Judge Peter B. Scuderi issued a Report and Recommendations on November 16, 2006 that recommended denying the petition on the grounds that Mr. Gilyard's petition was untimely and that the statute of limitations was not entitled to equitable tolling. The Honorable Clifford Scott Green adopted the Report and Recommendations on January 17, 2007.

In the years since, Mr. Gilyard has filed a number of motions, such as this one, requesting to re-open his petition. *See* Mot. to Reopen the Habeas Judgment (Doc. No. 19); Petition to Vacate Order (Doc. No. 22 & 23); Motion for Reconsideration (Doc. No. 32); Petitioner's Independent Action for Relief (Doc. No. 43). All of those motions have been denied.

## DISCUSSION

Mr. Gilyard once again seeks relief under Fed. R. Civ. P. 60(b)(6). He claims the process of his § 2254 petition was fundamentally flawed because the Court did not reach the merits of his petition but instead dismissed it on timeliness grounds. Mr. Gilyard argues that a trio of cases—*McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), *Satterfield v. District Attorney Philadelphia*, 872

F.3d 152 (3d Cir. 2017), and *Reeves v. Fayette SCI*, 897 F.3d 154 (3d Cir. 2018)—now allow him to equitably toll the statute of limitations and the Court should consider the merits of his petition.

Rule 60(b) allows a party to seek relief from a final judgment on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Mr. Gilyard filed his motion under Rule 60(b)(6), the "catchall" provision.

"The general purpose of Rule 60 . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ.*, 572 F.2d 976, 977 (3d Cir. 1978). Relief under the Rule should only be granted in "exceptional circumstances." *Id.* "Rule 60(b) has an unquestionably valid role to play in habeas cases," but it does not allow petitioners to file successive petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005). Motions under Rule 60 that present a new claim for relief and motions that attack "the federal court's previous resolution of the claims *on the merits*" are considered successive petitions. *Id.* at 531–32 (emphasis in original). A petitioner may, however, properly challenge a "defect in the integrity of the federal habeas proceedings" under Rule 60. *Gonzalez*, 545 U.S. at 532. Mr. Gilyard is undoubtedly challenging the process by which the Court considered his petition, so the Court may consider his motion.

This Court has already thoroughly addressed Mr. Gilyard's arguments under *McQuiggin* and *Satterfield* and declines to do so again. *See* May 13, 2014 Order (Doc. No. 26); June 18,

3

2014 Order (Doc. No. 34); and December 15, 2017 Order (Doc. No. 44). The Court of Appeals for the Third Circuit has similarly declined to issue a certificate of appealability in this case based on Mr. Gilyard's arguments under those cases. *See* June 5, 2018 Order (Doc. No. 47); s*ee also* June 10, 2014 Order (Doc. No. 33) (denying request to file a second or successive *habeas corpus* petition because *McQuiggin* "did not announce a new rule of constitutional law, and the evidence presented in support of his claim of actual innocence is not newly discovered"); January 13, 2015 Order (Doc. No. 42) (quoting *McQuiggin*, 133 S. Ct. at 1928) (denying request for certificate of appealability because Mr. Gilyard did not show that "jurists of reason would find debatable the District Court's determination that he failed to produce new evidence showing that 'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'").

The only new arguments in Mr. Gilyard's most recent motion are pursued under *Reeves*. In that case, the Court of Appeals for the Third Circuit concluded that evidence known to a defendant's trial counsel, but not presented at trial allegedly due to trial counsel's ineffective assistance, can be considered "new" evidence for the purposes of an actual innocence argument. *Reeves*, 897 F.3d at 164–65. Mr. Gilyard argues that his trial counsel was ineffective for failing to adequately present his alibi and for failing to pursue and present evidence of witnesses who recanted or otherwise said he was not involved in the crime. He contends that *Reeves* provides extraordinary circumstances that allow Mr. Gilyard to re-open his petition. In short, Mr. Gilyard argues that, because his counsel did not present the allegedly exculpatory evidence, it is "new" and demonstrates his actual innocence. Mr. Gilyard's argument fails for two reasons.

First, the limitations period should not be tolled because Mr. Gilyard did not diligently pursue his claims. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)

4

imposes a one-year limitations period in which a prisoner in state custody can file a petition for *habeas corpus*, which begins to run from "the date the judgment became final."[1] 28 U.S.C. § 2244(d)(1). This period is subject to equitable tolling "only when the principles of equity would make the rigid application of a limitation period unfair." *Miller*, 145 F.3d at 619 (quotations omitted). A delinquent petitioner must still demonstrate that he exercised reasonable diligence in bringing his claims. *Id.* "Mere excusable neglect is not sufficient." *Id.*

Mr. Gilyard admits that he knew of the allegedly exculpatory evidence at the time of his trial. *See* Pet.'s Motion at pp. 16–17 (Doc. No. 49) ("Petitioner recalls that counsel and petitioner spoke about petitioner's alibi, and also spoke about the witnesses that were willing and available to testify and what their testimony would be."). In the Report and Recommendations in this case, which were later adopted, Magistrate Judge Scuderi stated that "Petitioner relies upon confessions recorded in 1983 and 1984, and fails to explain why he waited 22 years to bring the evidence to the Court's attention." Report & Recommendations at p. 7 (Doc. No. 10). He went on to conclude that Mr. Gilyard did not present any evidence that he either diligently pursued his claims or was prevented from doing so.

In his reply brief, Mr. Gilyard alleges that he did diligently pursue his claims but was thwarted by the court system and mental health issues. He says that he was not timely notified of the dismissal of his PCRA petitions, which meant that the time in which to file petitions ticked away before he was even aware of his rights. However, lack of notification is not an extraordinary circumstance that warrants equitable tolling. *Cooper v. Price*, 82 Fed. App'x 258, 260 (3d Cir. 2003). Mr. Gilyard also alleges that he could not pursue relief while he was either suffering from mental incompetence or in a mental health facility from 2000 to about 2002. The

---

[1] AEDPA became effective on April 24, 1996—after Mr. Gilyard was sentenced. Petitioners sentenced before AEDPA was enacted had until April 23, 1997 to file a timely petition. *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 617 (3d Cir. 1998).

Court of Appeals for the Third Circuit has "recognized that mental incompetence is not a *per se* reason to toll a statute of limitations." *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001). "Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition." *Id.*

Even if the Court takes Mr. Gilyard at his word that he was mentally incapable of pursuing relief, he only alleges that the incompetence affected about two years of over thirty years of incarceration. Mr. Gilyard failed to diligently pursue his claims before the onset of his mental health issues in 2000. He filed his second PCRA petition in 2003, which was dismissed later that year, but did not file a petition in federal court until 2006. There are large swaths of time that are unaccounted for in which Mr. Gilyard did not diligently pursue his claims. *See McQuiggin*, 569 U.S. at 399–400 (stating that "unexplained delay" can "seriously undermine the credibility of the actual-innocence claim").

Second, even if Mr. Gilyard could equitably toll the limitations period, Mr. Gilyard "asserts that he is actually innocent, but he presents no new evidence to support this bald assertion." Report & Recommendations at p. 7 (Doc. No. 10). "The gateway actual innocence standard is 'demanding' and satisfied only in the 'rare' and 'extraordinary' case where 'a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Reeves*, 897 F.3d at 161 (quoting *McQuiggin*, 569 U.S. at 392). Mr. Gilyard does not present such evidence here. Instead, he presents the same self-serving affidavits and statements that he relied on in his original petition.

This Court has concluded before that this "case is not one of those in which new evidence shows it is more likely than not that no reasonable juror would have convicted" Mr. Gilyard.

6

May 13, 2014 Order (Doc. No. 26).  The Third Circuit Court of Appeals has similarly concluded that Mr. Gilyard failed to produce new evidence of actual innocence in his requests for a certificate of appealability.  January 13, 2015 Order (Doc. No. 42) (quoting *McQuiggin*, 133 S. Ct. at 1928) ("Appellant has not shown that jurists of reason would find debatable the District Court's determination that he failed to produce new evidence showing that 'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'").  And, there is nothing new in Mr. Gilyard's most recent motion to bolster is claim of actual innocence.

For the reasons set out in this memorandum, the Court denies Mr. Gilyard's motion.


BY THE COURT:


/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE